UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Ira-Jerome Moore, # 07866-029, | ) | C/A No.  6:07-3498-RBH-WMC |
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | **Report and Recommendation** |
|  | ) |  |
| Mildred L. Rivera, Warden, | ) |  |
|  | ) |  |
| Respondent. | ) |  |
| _____ | ) |  |

The petitioner, Ira-Jerome Moore ("Petitioner"), proceeding *pro se*, brings this action titled "Motion for a Temporary Restraining Order and a Injunction Enjoining Respondent's From Further Denial of Inmate's Access to Notary Public Services."  Petitioner is a federal prisoner in the U. S. Bureau of Prison's Federal Correctional Institution in Estill, South Carolina ("FCI-Estill"), and files this action *in forma pauperis* under 28 U.S.C. § 1915.[1]  The pleading names the Warden of FCI-Estill as the respondent.[2]  Petitioner claims he has been denied access to notary public services.  Petitioner requests an order directing the Respondent to provide inmates with notary services, without charge, and directing the Respondent to refrain from denying notary services in the future.  Petitioner's documents are construed as a petition for a writ of mandamus seeking to compel action by the Respondent Warden Rivera.  This action should be dismissed.

---

[1] Pursuant to the provisions of  28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

**Review Standard**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Hence, under § 1915(e)(2)(B), a claim may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented,

2

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, (4th Cir. 1990).

## Background

Petitioner filed a document titled "Motion for a Temporary Restraining Order and a Injunction Enjoining Respondent's From Further Denial of Inmate's Access to Notary Public Services," but did not file a separate complaint. Petitioner's request for preliminary and permanent injunction seeks to compel Respondent to provide notary services without charging a fee. The pleading [docket #1] states that in May 2007, a "Memorandum for Inmate Population" was posted that indicated that inmates would be charged a fee of twenty dollars ($20) per document for notary public services. In August 2007, an attorney sent Petitioner a "quite claim deed" which needed Petitioner's signature to be witnessed and notarized prior to returning it. Petitioner alleges he was denied notary services by a prison employee who previously provided notary services, and then he was denied notary services to be performed by a non-employee notary because he did not have sufficient funds for the twenty dollar ($20) charge. Petitioner seeks an order directing that the Respondent "provide inmates meaningful access to a notary public services, and stop ...

3

charging inmates a surcharge fee of $20.00 dollars per each document." [docket #1]. Petitioner further requests "injunctive relief preventing Respondents from further denial of inmate's access to a notary public services." [docket #1].

## Discussion

Petitioner's document titled as a motion for a temporary restraining order ("TRO") actually requests relief outside of the parameters of a TRO. A TRO may be granted under Rule 65(b) only if "it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition." Fed. R. Civ. P. 65(b). A TRO is "not to exceed 10 days," and may be extended by the court only "for a like period." The relief sought by Petitioner is not a ten or twenty day injunction, which is all that is available under a TRO pursuant to Rule 65(b). Thus, applying liberal construction, Petitioner's documents are construed as a request for a preliminary injunction and a petition for writ of mandamus, or in the alternative, an action for violation of constitutional rights under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

### MANDAMUS

Mandamus is a drastic remedy to be used only in extraordinary circumstances. *Kerr v. United States Dist. Court*, 426 U.S. 394, 402 (1976). The party seeking mandamus relief carries the heavy burden of showing that he has no other adequate means to attain the relief he desires and that his entitlement to such relief is clear and indisputable. *Allied*

*Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980); *Mallard v. United States Dist. Court,* 490 U.S. 296, 308 (1989).  The Fourth Circuit Court of Appeals states that:

> "[t]he party seeking a writ of mandamus must satisfy the conditions of a rigorous test, demonstrating each and every one of the following requirements:  (1) he has a clear and indisputable right to the relief sought; (2) the responding party has a clear duty to do the specific act requested; (3) the act requested is an official act or duty; (4) there are no other adequate means to attain the relief he desires; and (5) the issuance of the writ will effect right and justice in the circumstances."

*In re Braxton,* 258 F.3d 250, 261 (4th Cir. 2001), citing *United States ex rel. Rahman v. Oncology Assocs., P.C.*, 198 F.3d 502 (4th Cir. 1999).  It is disputable whether Petitioner has a clear right to an order to compel a prison official to provide notary service, or whether the Respondent has a clear duty to provide notary services to Petitioner. *See In re: Sawyer*, 76 F.3d 375 (Table), 1996 WL 59855 (4th Cir. 1996)(petition for writ of mandamus to compel access to notary denied).  It is clear, however, that Petitioner has other "adequate means to attain the relief he desires."  As discussed below, Petitioner can pursue receipt of notary public services by pursuing the issue through the prison administrative procedures available for reviewing prisoner's complaints related to prison conditions.  Having failed to establish one of the required criteria for demonstrating the need for mandamus relief, Petitioner's writ of mandamus action fails, *In re Braxton,* 258 F.3d at 261, and should be dismissed.

**BIVENS**

Petitioner's documents, in the alternative, could be construed as an action brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403

U.S. 388 (1971).[3]  It is well settled law that prisoners must exhaust available administrative remedies before bringing an action seeking relief from conditions of confinement in federal court.  42 U.S.C. § 1997(e)(a) ("[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Booth v. Churner*, 531 U.S. 956 (2001)(a prisoner must exhaust "such administrative remedies as are available" before bringing suit based on prison conditions); *Woodford v Ngo*, 548 U.S. 81 (2006)("no dispute that [§ 1997e(a)] requires a prisoner to 'exhaust' administrative remedies," which requires"proper exhaustion.").  The Federal Bureau of Prisons ("BOP") has established administrative procedures whereby a federal inmate may seek review of complaints relating to his confinement. *See* 28 C.F.R. §§ 542.10- 542.16.  After informal attempts to resolve the matter with staff have failed, the prisoner must present his claims to the Warden of the Federal Correctional Institution in which he is incarcerated.  28 C.F.R. § 542.13(b).  If not satisfied with the Warden's decision, the prisoner must appeal that determination to the Regional Director of the Federal Bureau of Prisons, and, if not satisfied with the Regional Director's decision, to the Office of General Counsel.  28 C.F.R. § 542.15.

The document possibly construed as a *Bivens* complaint [docket #1] states that in October 2007 Petitioner submitted an "Informal Resolution Documentation Form requesting information concerning Notary Public Services at FCI Estill." That same month,

---

[3] In *Bivens,* the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights.  A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820 & n. 30 (1982).

6

Petitioner filed this action in federal court without going beyond the informal resolution stage of the BOP administrative process. Petitioner clearly did not avail himself of the prison's administrative procedures in an attempt to resolve the denial of notary services. Although "inmates are not required to specially plead or demonstrate exhaustion in their complaints," *Jones v. Bock*, 127 S. Ct. 910, 921 (2007), if the failure to exhaust is clear from the allegations in the complaint, failure to exhaust can be a basis for dismissal for failure to state a claim on which relief may be granted. *Anderson v. XYZ Correctional Health Servs., Inc.*, 407 F.3d 675, 683 (4th Cir. 2005)("That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies."); *Jones v. Bock*, 127 at 921 ("whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground.... As noted, that is not to say that failure to exhaust cannot be a basis for dismissal for failure to state a claim."). In this case, any claim alleged pursuant to *Bivens* should be dismissed for failure to state a claim upon which relief may be granted based on the fact the document construed as a complaint clearly indicates that Petitioner did not pursue his administrative remedies in compliance with 42 U.S.C. § 1997(e)(a) prior to filing in federal court.

Even if Petitioner has exhausted administrative remedies since filing this action, he fails to state a claim under *Bivens*. Access to notary public services is not a federal constitutional right. Petitioner appears to claim that denial of access to a notary is denial

of access to the courts. It has long been recognized that prisoners have a constitutional right of access to the courts. *Johnson v. Avery*, 393 U.S. 483 (1969). The United States Supreme Court has held that an inmate alleging denial of court access must demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration. *Lewis v. Casey*, 518 U.S. 343, 349 (1996). Specific allegations must be made as to the actual injury sustained by the prisoner claiming infringement of his right of access to the courts. *See Cochran v. Morris*, 73 F. 3d 1310, 1317 (4th Cir. 1996)(Plaintiff failed to identify any actual injury resulting from official conduct); *Strickler v. Waters*, 989 F.2d 1375,1382-85 (4th Cir.)("basic requirement that show specific harm or prejudice from the allegedly denied access"). A claim for infringement of the right of access to the courts that involves "ancillary features" such as notary services must show that an "actual injury" has occurred. *Sowell v. Vose*, 941 F.2d 32, 34 (1st Cir. 1991), quoted in *Clay v. Smith*, 949 F.2d 396 (Table), 1991 WL 260654 (4th Cir. 1991). Petitioner claims he has been denied the ability to file a correctly executed deed to show the transfer of ownership of real property. The right of access to the court includes only "a reasonable opportunity to file nonfrivolous legal claims challenging [the prisoners'] convictions or conditions of confinement." *Lewis v. Casey*, 518 U.S. at 351. Petitioner has failed to allege facts that show he has sustained an actual injury from being denied access to the courts. Thus, Petitioner fails to state a claim on which relief may be granted pursuant to *Bivens*.

**PRELIMINARY INJUNCTION**

In reviewing a request for injunctive relief prior to trial, a court must consider four factors:

> (1) whether the plaintiff will suffer irreparable injury if the injunction is not issued;
> (2) the injury to the defendant if the injunction is issued;
> (3) the plaintiff's likelihood of success in the underlying dispute between the parties; and (4) the public interest.

*Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 271 (4th Cir. 2002) (citations omitted). Because this action should be dismissed without prejudice, balancing these factors is not necessary. Petitioner's request for preliminary injunctive relief is moot because neither of the possible underlying claims, writ of mandamus nor violation of constitutional rights under *Bivens*, are viable at this time.

## Recommendation

Accordingly, it is recommended that the District Judge dismiss this action without prejudice and without service on the Respondent. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine if they are subject to summary dismissal]. The plaintiff's attention is directed to the notice on the following page.

s/William M. Catoe
United States Magistrate Judge

March 21, 2008
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).