UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Ira Jerome Moore, | ) | C/A No. 6:07-03498-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Warden Mildred L. Rivera, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff is an inmate of the Bureau of Prisons, currently confined at Estill FCI. Plaintiff, proceeding *pro se*, brings this action for injunctive relief, mandamus, or a *Bivens* action based on being denied free notary service for the execution of a deed.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 this matter comes before the court with the Report and Recommendation of United States Magistrate William M. Catoe, filed March 21, 2008. This court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b).

Based on his review of the record, the Magistrate Judge concluded that the plaintiff's complaint should be construed as a request for a preliminary injunction and petition for writ of mandamus or, in the alternative, as a *Bivens* action. He recommended that the case be dismissed without prejudice and without service of process for failure to exhaust administrative remedies or for failure to state a claim and that the motion for preliminary injunction should be denied as moot. The Magistrate Judge advised petitioner of the procedures and requirements for filing objections to the

1

report. Plaintiff filed objections on April 9, 2008.

The Magistrate Judge makes only a recommendation to the Court, to which any party may file written objections. The Court is not bound by the recommendation of the Magistrate Judge but, instead,retains responsibility for the final determination. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is required to make a *de novo* determination of those portions of the Report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the Magistrate Judge's findings or recommendations.   28 U.S.C. § 636(b)(1).

## **Exhaustion of Administrative Remedies**

Under the Prison Litigation Reform Act ("PLRA") a prisoner is required to exhaust his administrative remedies before filing an action concerning his confinement. *See* 42 U.S.C. §1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.")  This provision is mandatory, and prisoners must exhaust all available remedies, even those where the relief requested cannot be granted administratively. *Booth v. Churner*, 532 U.S. 731 (2001). Exhaustion is also now required in all suits challenging prison conditions, not just suits brought under  § 1983. *Porter v. Nussle*, 534 U.S. 516 (2002). A prisoner must complete the administrative review process and meet all applicable deadlines in order to satisfy the requirement of exhaustion of administrative remedies. "Proper exhaustion" is now

required. *Woodford v. Ngo*, 126 S.Ct. 2378 (2006).

The Court finds that the plaintiff's failure to exhaust his administrative remedies within the BOP requires dismissal of his case without prejudice. In his Motion, Plaintiff states that his informal resolution form was pending. (Docket Entry # 1, p. 2). In his objections, he states, "The petitioner in fact has presented his complaint concerning the denial of notary public services through the prison administrative procedures, however, the prison administrators, in stark disregard of petitioner's needs or rights has ignored some of his administrative complaints, and he has been left to find another avenue, such as the use of statutes like 28 U.S.C. § 1746, swearing under the penalty of perjury, which procedure is not recognized by the State of Georgia . . ." He attaches a "Rejection Notice- Administrative Remedy" which indicates that his regional appeal was dismissed as untimely. Therefore, he has not "properly" exhausted his claim.

## Access to Courts

However, even if the plaintiff is considered to have "properly" exhausted his claim, he has no constitutional right to free notary services. It appears that the plaintiff requested that his inmate account be debited in order to pay for the services and that his account lacked sufficient funds to pay the $20 fee. It also appears that he may have a dispute with the institution regarding a prior $20.00 fee that was taken from his account, allegedly for notary services. However, Plaintiff's request to this court is to "order respondent's to provide inmate's meaningful access to notary public services, and stop respondent from charging inmate's a surcharge fee of $20.00 dollars per each document." (Motion, p. 4).

In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court held that the right of access to courts "requires prison authorities to assist inmates in the preparation and filing of meaningful legal

papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.*, 430 U.S. at 828.  However, "*Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip and fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  *Lewis v. Casey*, 518 U.S. 343 (1996). The Fourth Circuit discussed the right to access to the courts in an unpublished decision, *Clay v. Smith*, 949 F.2d 396 (4th Cir. 1991).  The court states:

> Generally, the more the claims at issue in a particular case implicate the core values in *Bounds v. Smith*, 430 U.S. 817 (1977), the less a plaintiff must show actual injury. . . Thus, courts have held that where "the challenge is systemic, embracing the basic adequacy of materials and legal assistance made available" to inmates, "prejudice inheres in the facts," . . . and a showing of actual injury would be "superfluous," . . . By contrast, where a claim only involves "'ancillary features' such as library schedules, the provision of notary services and the availability of supplies (such as papers, pens and pencils)," a court cannot necessarily assume that the deprivation impedes a prisoner's ability to file meaningful legal papers and in such cases a showing of actual injury is required."

*Id.* at *1, internal citations omitted.

In the case at bar, the plaintiff has not shown actual injury from being denied the ability to execute a deed to real estate without paying a fee. The prison can constitutionally require the plaintiff to pay a fee for notary services.  Plaintiff's request for injunctive relief is accordingly moot.

## **Conclusion**

The court has reviewed the Report, objections, pleadings, memoranda, and applicable law.  The court overrules all objections, adopts the Report and Recommendation, and incorporates it herein by reference.  The case is dismissed without prejudice and without service of process. Plaintiff 's motions

to expedite are deemed moot.

      **IT IS SO ORDERED.**

                                         s/R. Bryan Harwell  
                                         R. Bryan Harwell  
                                         United States District Judge

October 30, 2008  
Florence, SC